**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Joel Henry Wetzel, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| vs. | ) | |
| | ) | |
| William A. Herauf, Thomas Henning, | ) | |
| James Hope, Kevin McCabe, | ) | Case No. 1:09-cv-053 |
| Chuck Rummel, Clarence Tuhy | ) | |
| David Wallace, Terry Oesterich, | ) | |
| S.A. Helfrich, Daniel L. Brown, | ) | |
| Brian Koskovich, Jeremy Moser, | ) | |
| Corey Lee, Joe Cianni, Criss Coats, | ) | |
| David Wilke, Nick Gates, | ) | |
| Defendants. | ) | |

_____

Plaintiff Joel Henry Wetzel is being held at the Southwest Multi-County Correctional Center

in Dickinson, North Dakota, on state charges, apparently as a pretrial detainee. He initiated the above

action by filing a complaint and paying the filing fee. He seeks to sue seventeen defendants who are

all governmental employees with the exception of his former court-appointed counsel.[1]

The matter is now before the court for screening pursuant to 28 U.S.C. § 1915A, which

defines prisoners to include pretrial detainees. Lewers v. Pinellas County Jail, 2009 WL 3053702,

*1 (M.D.Fla. Sept. 18, 2009). What follows is the undersigned's recommendation as to how the

court should proceed.

_____

[1]  Wetzel has not yet effectuated service upon the defendants, apparently because he was under the misapprehension that the clerk would effectuate service after the court conducted its § 1915A screening. If the court adopts the recommendation set forth below that this action be stayed pending completion of the state criminal prosecution, Wetzel can wait until after the stay is lifted to make service of the complaint. However, once the stay is lifted Wetzel is responsible for service of a summons and the complaint on each defendant who remains in the action unless he files a request to proceed *in forma pauperis*, which, if granted, would then authorize the court to make the necessary service of process.

I.    **BACKGROUND**

On July 8, 2008, Wetzel entered an occupied residence and discharged a firearm. When he exited the residence, he was shot by City of Dickinson police who had responded to the incident.[2]

In this action, Wetzel claims he was shot in the back without provocation by three of the responding officers--- defendants Brown, Koskovich, and Moser-- after they allegedly had conspired to killed him.  Wetzel avers that the remaining defendants have all engaged in a conspiracy to cover up the attempt on his life, including instituting false criminal charges against him.  Wetzel also complains about certain actions taken in connection with the prosecution of the criminal charges brought against him.

Named in the complaint as defendants are the state-court judge presiding over Wetzel's criminal prosecution, the county prosecutors, his former court-appointed counsel, and various law enforcement officials.  In his prayer for relief, Wetzel requests damages for pain, suffering, and medical expenses; an order from the court freezing the defendants' assets; dismissal of the state criminal charges; criminal prosecution of the defendants; and termination of the defendants' employment.

The complaint states that the defendants are being sued in both their official and individual capacities, but also states that  Wetzel does not want to make the taxpayers of the City of Dickinson, Stark County, or the State of North Dakota "pay for this mess" and that he wishes to pursue only the individual defendants for damages.  Consequently, the official-capacity claims will be limited to Wetzel's requests for equitable relief.

---

[2]   In addition to filing a fifty-one page complaint, Wetzel also forwarded to the court a number of other documents and pictures that he claims constitute "evidence" in the case, which the court has treated as attachments to the complaint.  Some of the background information is taken from the attachments.

## II.   STANDARDS GOVERNING INITIAL REVIEW

Congress enacted the  Prison Litigation Reform Act of 1995 ("PLRA") to address the burdens imposed by prisoner suits that too often are frivolous and without merit.  Jones v. Bock, 549 U.S. 199, 202-203 (2007); Woodford v. Ngo, 548 U.S.81, 84 (2006).  One of the reforms enacted as part of the PLRA for cases in which prisoners are seeking to sue a governmental entity, officer, or employee is the requirement that courts conduct an early screening to weed out claims that clearly lack merit.  28 U.S.C. § 1915A.   In conducting the screening, the court is required to identify any cognizable claims and to dismiss the complaint, or any part of it, that is frivolous, malicious, fails to state a claim, or seeks monetary relief from an immune defendant.  Id.

 In enacting the PLRA, Congress chose not to impose a heightened pleading requirement for prisoner complaints, and, in this case, 42 U.S.C. § 1983 also does not impose any such requirement. Jones v. Bock, 549 U.S. at 212-217.  Consequently, to state a cognizable claim, the complaint needs only to meet the minimal requirements of Fed. R. Civ. P. 8(a), which are that it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam).  In addition, when a prisoner is proceeding *pro se*, the court is obligated to construe the complaint liberally and hold it to a less stringent standard than what would be required of attorneys.  Id.

But this does not mean, however, that the court must accept anything and everything that is filed by a *pro se* prisoner.  In enacting the screening requirement, Congress expected it to be more than a ritualistic exercise and that the courts would be vigilant in allowing prisoners to proceed only with those claims that state a cognizable claim, that seek relief from a non-immune party, and that are not obviously baseless, frivolous, or malicious.

To meet the minimal requirements of Rule 8(a)(2) for pleading a cognizable claim, something more is required than simply expressing a desire for relief and declaring an entitlement to it.  See Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 n.3 (2007).  The complaint must state enough to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests."  Erickson v. Pardus, 551 US at 93 (quoting Twombly, 550 U.S. at 555).   Conclusory and formulaic allegations of the elements of a cause of action are not sufficient.  The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 US at 555-556).

In the case of an action for a violation of federal civil rights under 42 U.S.C. § 1983,  this means a plaintiff must allege a violation of a right secured by the Constitution or the laws of the United States and that the violation was committed by a person acting under color of state law in order to state a cognizable claim.  West v. Atkins, 487 U.S. 42, 48 (1988); Walker v. Reed, 104 F.3d 156, 157-158 (8th Cir. 1997).  Also, the pleading must allege a sufficient causal link between the alleged violation and the basis upon which a particular defendant is to be held responsible, keeping in mind that persons sued in their individual capacities for damages must be personally involved or directly responsible since § 1983 does not impose *respondeat superior* liability.  Ashcroft v. Iqbal, 129 S.Ct. at 1948; Gordon v. Hansen, 168 F.3d at  1113.

Finally, even though the court is obligated to construe *pro se* complaints liberally, the court is not required to ignore facts that are pled by a prisoner when they undermine the prisoner's claim. The court may accept as true all facts pled in the complaint and conclude from them that there is no claim stated as a matter of law.  E.g., Edwards v. Snyder, 478 F.3d 827, 830 (7th Cir. 2007);

Thompson v. Illinois Department of Professional Regulation, 300 F.3d 750, 753-754 (7th Cir. 2002) (citing other cases).

## III.   ANALYSIS

### A.   Specific claims and requests for relief

#### 1.   Allegations of a massive conspiracy

As noted above, Wetzel claims that Brown, Koskovich, and Moser conspired to kill him and that the remaining defendants (including the state district court judge, the prosecutors, his former court-appointed counsel, and numerous law enforcement personnel) entered into a "criminal organized crime syndicate conspiracy" to conceal the attempt. A careful review of the complaint and Wetzel's supporting "evidence" makes clear, however, that these allegations are fantastic and delusional. See, e.g., Simmons v. Payne, 170 Fed. Appx. 906, 907 (5th Cir. 2006) (finding that allegations of a vast conspiracy at all levels of government can be characterized as fanciful, irrational, incredible and delusional); Haugen v. Sutherlin, 804 F.2d 480, 491 nn.1-2 (8th Cir. 1986). In addition, the allegations are conclusory and fail to meet the pleading standards set forth above. Consequently, Wetzel's claims of conspiracy are subject to dismissal without prejudice under § 1915A on grounds of frivolousness and failure to state a cognizable claim.

#### 2.   Malicious prosecution

Wetzel also alleges that each of the defendants is involved in one fashion or another in the criminal prosecution against him that he claims is based upon false charges. In substance, these allegations amount to a claim of malicious prosecution.

Favorable termination is an essential element of a claim of malicious prosecution. See, e.g., Heck v. Humphrey, 512 U.S. 477, 484 (1994); Cochrane v. Iowa Beef Processors, Inc., 596 F.2d 254, 263 (8th Cir. 1979); Kummer v. City of Fargo, 516 N.W.2d 294, 298 (N.D. 1994); see generally

Restatement (Second) of Torts § 658 (1977).  In this case, Wetzel has not pled favorable termination and cannot do so given that the state criminal charges are still pending.  Consequently, Wetzel's claim of malicious prosecution is not presently cognizable and is subject to dismissal under § 1915A for failure to state a claim.  See, e.g., Langdell v. Marcoux, No. 2:08-CV-161, 2009 WL 890121, at *2 (D. Vt. Mar. 30, 2009).

### 3.    Equitable claims for relief

Wetzel seeks an order enjoining his state criminal prosecution.  To the extent this amounts to a separate claim, it is subject to dismissal for failure to state a claim under § 1915A.  The Supreme Court has instructed in Younger v. Harris, 401 U.S. 37 (1971) ("Younger") "that federal courts may not enjoin pending state court criminal proceedings except in very unusual situations." Night Clubs, Inc. v. City of Fort Smith, Ark., 163 F.3d 475, 479 (8th Cir. 1998).  And here, Wetzel's fantastic and conclusory allegations of a massive conspiracy are not sufficient to invoke any exception.  See Younger, supra; Canatella v. California, 404 F.3d 1106, 1112 (9th Cir. 2005).

Wetzel also does not have a right to a criminal investigation or prosecution.  Mitchell v. McNeil, 487 F.3d 374, 378 (6th Cir. 2007) ("There is no statutory or common law right, much less a constitutional right, to an investigation."); Koger v. Florida, 130 Fed.Appx. 327, 335, 2005 WL 1027204, *6 (11th Cir. 2005); cf. Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); Dohaish v. Tooley, 670 F.2d 934, 935 (10 th Cir. 1982); Fulson v. City of Columbus, 801 F. Supp. 1, 6 (S.D. Ohio 1992) ("Thus, courts have generally declined to recognize standing on the part of victims of crimes to bring a § 1983 action based upon lack of prosecution of others.").  Hence, to the extent his requests for criminal prosecution of the defendants and convening a grand jury are separate claims, they are also subject to dismissal for failure to state a claim.

Wetzel also requests that the defendants be relieved of their official duties and that their assets be frozen.  Clearly, these are only requests for relief and not separate claims.

### 4.   Claim for damages for use of excessive force

The complaint alleges that Wetzel was unnecessarily shot by the Dickinson police.  These allegations are sufficient to state a claim for damages cognizable under § 1983 for the use of excessive force in violation of the Fourth and Fourteenth Amendments.  See, e.g., Graham v. Connor, 490 U.S. 386, 388 (1989); Nance v. Sammis, 586 F.3d 604, 609-610 (8th Cir. 2009).[3]  Given that plaintiff is proceeding *pro se*, he should be permitted to proceed with these claims, even though he has not specifically cited to either the Fourth or the Fourteenth Amendments.

The only defendants implicated by these allegations, however, are Officers Brown, Koskovich, Moser, and Lee.  Wetzel claims the first three fired the shots that hit him and that the fourth, defendant Lee, was at the scene and involved in his apprehension.

### B.   The individual defendants

Based on the foregoing, the only defendants against whom Wetzel has made out a cognizable claim and against whom he should be permitted to proceed are defendants Brown, Koskovich, Moser, and Lee.  The remaining defendants should be dismissed without prejudice.[4]

---

[3]  For example, the complaint alleges:

They are covering up for a Dickinson Police Conspiracy, (3) Three officers did in fact try to kill  Mr. Wetzel on 7-8-2008 and murder Plaintiff by shotgun and rifle bullets resulting in "17" Seventeen very serious gun shot wounds, to the back torso, in ambush, while Plaintiff was UNARMED!  This was a cowardly Act.  And totally uncalled for!  All (3) three officers, Sgt. Dan Brown, Officer Brian Koskovich and Officer Jeremy Moser, did not say one word before simultaneously fire their weapon at 10 ft. behind Plaintiff, all were carrying tazers and had weapons training in the use of them.

(Docket No. 5, p. 8).  There are other similar allegations spread throughout the complaint.

[4]  Several of these defendants are subject to dismissal for other reasons as well. The claims against defendant Herauf, the state judge presiding over Wetzel's criminal prosecution, are subject to dismissal on grounds of absolute immunity.  See, e.g., Mireles v. Waco, 502 U.S. 9, 10 (1991); Robinson v. Freeze, 15 F.3d 107, 108 (8th Cir. 1994); Holbach v. McLees, No. 4:09-CV-025, 2009 WL 1688180, *5 (D.N.D. Jun 16, 2009).  So are the claims against the state

**C.      Staying this action pending completion of the state criminal proceedings**

Although the Supreme Court has not yet ruled on whether Younger abstention applies to claims for damages, most of the lower federal courts, including the Eighth Circuit, have held that it does, provided there is a sufficiently close relationship between the federal action and the state criminal proceeding.   Deakins v. Monaghan, 484 U.S. 193, 202 (1988) (leaving issue open); Gilbertson v. Albright, 381 F.3d 965, 978-979 (9th Cir. 2004) (en banc) (citing cases from other circuits); Night Clubs, Inc. v. City of Fort Smith, Ark., supra.   The prevailing view, including that of the Eighth Circuit, however, is that damage claims be stayed pending completion of the state criminal proceedings, rather than be dismissed.   Gilbertson v. Albright, 381 F.3d at 980 & n.15 (citing cases from other circuits); Green v. Benden, 281 F.3d 661, 667 (7th Cir.2002); Yamaha Motor Corp., U.S.A. v. Stroud, 179 F.3d 598, 603-604 (8th Cir.1999); see Deakins v. Monaghan, 484 U.S. at 202-203.

In this case, Wetzel has not set forth in his complaint precisely what criminal charges are pending against him.  However, it appears that his actions toward the officers involved in the alleged wrongful shooting are the subject of at least one of the state criminal charges since he alleges in his complaint that he is "not guilty of the crimes of trying to shoot Police . . . ."  In addition, the "evidence" submitted by Wetzel includes police reports that state Wetzel was carrying a rifle when he was shot by one or more of the officers.  Consequently, it appears that this action and the state criminal prosecution will involve similar issues and some of the same facts.   Under these

---

prosecutors, defendants Hope and Henning, based upon the allegations set forth in the complaint.  See, e.g., Van de Kamp v. Goldstein, __ U.S. __, 129 S.Ct. 855, 859-861 (2009).  The § 1983 claims against defendant McCabe, Wetzel's former court-appointed counsel, fail because court-appointed counsel are not considered "state actors."  E.g., Polk County v. Dodson, 454 U.S. 312, 325 (1981); Vera v. Board of Judges of Judicial Dist. of Nueces County, 260 Fed.Appx. 664, 666, 2007 WL 4510902 (5th Cir.2007) (unpublished per curiam); Grant v. Paul, 255 Fed.Appx. 693, 2007 WL 4268954 (3d Cir. 2007) (unpublished per curiam); see Finch v. Miller, 491 F.3d 424, 427 (8th Cir.2007).

circumstances, <u>Younger</u> abstention would be appropriate.  <u>See</u>, <u>e.g.</u>, <u>Hughes v. Lambrerti</u>, No. 08-61351-CIV, 2009 WL 4894493, at **3-4 (S.D. Fla. Dec. 17, 2009); <u>McCullough v. Crawford</u>, No. 2:09-2631-RBH, 2009 WL 4110316, at **4-5 (D.S.C. Nov. 25, 2009).[5]  This is true even at this stage of the proceeding, provided Wetzel is given the opportunity to show cause why the stay should not remain in place.  <u>Cf.</u>, <u>Hughes v. Lambrerti</u>, <u>supra</u>, at **4-5.

## IV.   RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** the following:

1.   That the complaint be filed and that plaintiff be permitted to proceed with a § 1983 claim for damages premised upon an unconstitutional use of excessive force, but only as to defendants Brown, Koskovich, Moser, and Lee, and then only against them in their individual capacities based on plaintiff's desire not to hold the City of Dickinson responsible;

2.   That all of the other claims and defendants be **DISMISSED WITHOUT PREJUDICE**, and that the action be recaptioned accordingly;

3.   That the action be stayed pending completion of the state criminal proceedings referenced in the complaint unless plaintiff shows cause why the action should not be stayed.

4.   That plaintiff provide notice to the court in writing of the completion of the state criminal prosecution not later than sixty (60) days following the entry of a final, non-

-------

[5]  If, however, the state criminal charges relate only to Wetzel's actions prior to the officers becoming involved, there would be less of an argument for abstention, given the likelihood that neither the  facts nor the issues relevant to the claim of use of excessive force would be litigated in the state criminal proceeding.  <u>See</u>, <u>e.g.</u>, <u>Hughes v. Lambrerti</u>, <u>supra</u>; <u>Langdell v. Marcoux</u>, No. 2:08-CV-161, 2009 WL 890121, at *4 (D. Vt. Mar. 30, 2009); <u>Scheuerman v. City of Huntsville, Al.</u>, 373 F. Supp. 2d 1251, 1256 (N.D. Ala. 2005).

appealable judgment, and that failure to comply may result in the complaint being dismissed without prejudice.

5.    That during the pendency of the stay, the complaint need not be served upon defendants Brown, Koskovich, Moser, and Lee and that the complaint not be dismissed pursuant to F. R. Civ. P. 4(m), given that good cause exists for not serving the defendants until the court lifts the stay.

## NOTICE OF RIGHT TO FILE OBJECTIONS

Pursuant to D.N.D. Civil L.R. 72.1(D)(3), plaintiff  may object to this recommendation within thirty (30) days after being served with a copy of this Report and Recommendation.  Failure to file appropriate objections may result in the recommended action being taken without further notice or opportunity to respond.

Dated this 4th day of January, 2010.

*/s/  Charles S.  Miller, Jr.*
Charles S.  Miller, Jr.
United States Magistrate Judge

10