**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Joel H. Wetzel, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER ADOPTING REPORT** |
| | ) | **AND RECOMMENDATION** |
| vs. | ) | |
| | ) | |
| William A. Herauf, Thomas Henning, | ) | |
| James Hope, Kevin McCabe,  Chuck | ) | |
| Rummel, Clarence Tuhy, David Wallace, | ) | |
| Terry Oesterich, S. A. Helfrich, Daniel | ) | |
| Brown, Brian Koskovich, Jeremy Moser, | ) | Case No. 1:09-cv-053 |
| Corey Lee, Joe Cianni, Criss Coats, David | ) | |
| Wilke, and Nick Gates, | ) | |
| | ) | |
| Defendants. | ) | |

_____

        On August 27, 2009, the plaintiff, Joel Wetzel, filed a pro se complaint.  See Docket No. 5.

Pursuant to 28 U.S.C. § 1915A, Magistrate Judge Charles S. Miller, Jr. conducted a review of the

record and relevant case law and submitted a Report and Recommendation on January 4, 2010.  See

Docket No. 6.  Judge Miller recommended the following: (1) that Wetzel be permitted to proceed with

a civil rights claim for damages under 42 U.S.C. § 1983 premised upon an unconstitutional use of

excessive force, but only as to Defendants Brown, Koskovich, Moser, and Lee, and only against them

in their individual capacities; (2) that all of the other claims and defendants be dismissed without

prejudice; (3) that the action be stayed pending completion of the state criminal proceedings referenced

in the complaint unless Wetzel shows cause why the action should not be stayed; (4) that Wetzel

provide notice to the Court, in writing, of the completion of the state criminal prosecution not later than

sixty days following the entry of a final, non-appealable judgment, and failure to comply may result

in the complaint being dismissed without prejudice; and (5) that during the pendency of the stay, the

complaint need not be served upon Defendants Brown, Koskovich, Moser, and Lee, and that the

complaint not be dismissed pursuant to Fed. R. Civ. P. 4(m), given that good cause exists for not serving the defendants until the Court lifts the stay.  Wetzel was given thirty (30) days to file an objection to the Report and Recommendation.

On January 26, 2010, Wetzel filed an "Answer: to the Report, But not to the Recommedations [sic]" and notice of voluntary dismissal of Defendant William A. Herauf.  See Docket Nos. 7 and 8. On February 3, 2010, Wetzel filed a "Response and Objections to Report and Recommendations." See Docket No. 9.  Wetzel's action relates to his state court charges of burglary and reckless endangerment. In his "Response and Objections to Report and Recommendations," Wetzel states, in part:

A.      At this time the plaintiff would like to make these changes to the suit, before it is filed

(1.)    Defendant no. 1. will be ometted from the law suit.  The Hons William A. Herauf is no longer a Defendant.

A.(2)   The Plaintiff withdraws his wish; not to sue the city of Dickinson, N.D.. Before this is filed.

.(3.)   The Plaintiff adds the City of Dickinson, N.D. in its official Responsibility for the Police Dept of Dickinson, N.D.; and for its officers to this Civil Rights Law Suit Violations - 4th & 14th Amend
        The City is responsible for its Police Officers conduct in the shooting of Joel Henry Wetzel on 7-8-2008.  The City failed to train their officers in the Art of Integrity to uphold the Laws of the N.D., and U.S. Constitutions.  Their Police Officers displayed that, on the night, they tried to murder the Plaintiff by shooting him 17 times in Ambush; with out a word!

. . .

A.(5)   Claims: Your Report states the Plaintiff has a problem with stating claims, and that he has this Fantastic Delousion. . . . "There is no Fantastic Delusion!"

. . .

        When Court officials, and Police Officers chose to step over the line, into the world of crime, and criminals.  They also need to be punished, they no longer are entitled to the Total Immunity afforded them. . . .

2

. . .

A(6)    Claims, Federal Action should go ahead of State.  The court allegizes that when it comes to malicious prosecution claims can be pursued on a charge-by-charge basis, and a successful malicious prosecution claim does not necessarily have to be based on a showing that the plaintiff achieved a favorable termination of all criminal charges against him, Miller v. Spiers #07-2134, 2009 U.S. App. Lexis 17077 (unpub 10th Cir.)

1.  Allegations of a massive conspiracy.  The Plaintiff does not agree that his claims of a conspiracy are only in his mind, and that his claims should be dissmissed because of a failure to state a cognizable claim.  The evidence supports the Plaintiff, and as a whole the claims are stated!

. . .

3.  Equitable claims for relief.  Fantastic?  (Not every day!)

(1.) This case is by far one of the most unusual situations we will see in all of our life time, I'm 61 yr's old, I only heard of a couple of cases that might be as Bizarre as this one is, I know police don't go around, and try to murder a suspect; and then their supervisors, and prosecutors cover-up for them, and then try to put in a Mental Hospital to shut him up, when that failed, they have tried to convict the Plaintiff in this of state charges of trying to shoot the cops who actually tried to murder him on 7-8-2008. . . .

(2.) Grand Jury: Right to a Grand Jury Investigation.  The Plaintiff, Wetzel does have a Right to a Grand Jury Investigation!  See, U.S. Const. Amendment V.
        "No person shall be held to answer for a capital, or otherwise infamous crime," . . . "unless one a presentment or indictment of a grand Jury," Trying to shoot Police Officers qualifies as a infamous crime!
        Mr. Wetzel is exercising his constitutional Rights in this Civil Rights Case. See. "Constitution, U.S. Bill of Rights. Amend. V. Whenever there is made; a Law that harms a citizen, in accordance with the Constitution Laws which are unconstitutional on their face, ie which contravene the U.S. Constitution, are null and void; they will not be enforced by the Courts."  The Law Dictionary, Amr B. Brann J.D. Anderson Pub. Co. 7th Ed.
        The Plaintiff is entitled to his Grand Jury Investigation, as it will put an End to this criminal organized conspiracy, the Police, and Prosecutors are involved in.

(3) Prosecution of Criminals
        It is every citizens duty to report and protect the Public from criminals.  When I state, In the relief request, I wanted the Defendants held accountable for the crimes they have committed, and some still are.  I can quarranttee when the Grand Jury is done investigating this Police shooting Incident.  The Grand Jury will recommend charges against Police Supervisers, and the Stark County Prosecutors!

4.(1.)   Public Defenders, and Immunity.

      Mr. Kevin McCabe is operating as a State Gov. employee when he is in fact involved in the conspiracy, example, i.e. When he came on board this case as the Plaintiff's Att'y. The Plaintiff hasn't had an Atty for 71 days, then after 90+ days had pasted, I Asked him to fail a speedy trial violation under the N.D. Statute 29-19-02. States the accused is entitled to a speedy trial within 90 days, the trial must start!  It did not, so I told Mr. McCabe I wanted him to put in a Motion on Oral Arguments And to ask for a dismissal.  Mr. McCabe refused!  There was no waiver!

. . .

      When a Public Defender acts, and works with a Prosecutor, and cops to hid serious criminal Activity committed by (4) Four Police Officers, he has now joined the Prosecutors Office, he in short, is working as a Government Agent, in the Att'y Gen's . . . Office.  He is under their color.  Becuase McCabe chose to join into the Organized criminal conspiracy, he now is open to the Civil rights Law Suit as a Defendant.

4.2   Total Immunity Lost.

      Prosecutors lose their total immunity when they commit crimes, and when they chose to go after a Defendant in a Criminal Action, where their Activity is unlawfull, and malicious in prosecution as in this case.  See cite's on pages, 4,5,6.

All Claims:

(5.)   When, I state what each one of these individuals did in the course of hiding evidence, lies, excessive force, and covering up, so the Att'y. Gen.'s Prosecutors can prosecute the Plaintiff in the State Criminal Case, to hid the Truth about the Murder Attempt by Brown, Koskovich, and Moser with Lee covering up on site.  That is stating a cognizable claim, when a person spells out what each one did it is sufficient, and when you keep the the criminal organized conspiracy alive, All the claims and Relief are then in their proper form, meeting all the requirements.

6.   Staying Action until close of State Action - Objection:

6.(1)   The Plaintiff again begs this Court to allow the Federal Civil Rights Case to go forward.

      I am objecting to it being not heard until after the State charges have been put to rest!

      The Courts have held where if they state case is a sufficiently close in relationship with the Federal action, as they are in this situation, the two (2) cases are twisted together, because of the elaborate criminal conspiracy state case

      The Federal Civil Rights violations came out of the State case, and still are. (No. Grand Jury Investigation!), and violation of the due-process right, Amend: V. Of the Plaintiff.

      If the Federal Action is stayed until after the State has run its case, it will rain harm upon the Plaintiff.  The Federal Action must proceed with out delay!

The Plaintiff is entitled to the Grand Jury with out it the state case is lost! Because of the criminal organized conspiracy to conv. The Plaintiff in state case of very serious felonies he is not guility of doing.  It would be a Mockery of the U.S. Constitution, and the Judicial System we have today!  See. Miller v. Spiers #07-2134, 2009 U.S. App. Lewis 17077 (unpub 10th Cir).

The Plaintiff prays that this Court will allow this Civil Rights Action to be immediately heard, without delay.

. . .

<u>See</u> Docket No. 9 (errors and emphasis in original).

Wetzel states in his complaint, "I'm not suing the City of Dickinson, nor the County of Stark, nor the State of North Dakota.  This is not the Peoples Bills, it's the fools who caused this mess." <u>See</u> Docket No. 5, p. 40.  In his objection, Wetzel states that he withdraws his wish not to sue the City of Dickinson.  This is most likely in response to Judge Miller's recommendation that the claim for damages for excessive force may proceed only as to Defendants Brown, Koskovich, Moser, and Lee in their individual capacities.  A proper way for the Plaintiff to alter his complaint is to file a motion to amend the complaint, discuss what changes he specifically requests, and file a proposed amended complaint.  Rule 15 of the Federal Rules of Civil Procedure allows a party to amend its pleading once as a matter of course within 21 days after serving it.  Fed. R. Civ. P. 15(a)(1)(a).

The Court has carefully reviewed the Report and Recommendation, relevant case law, and Wetzel's objections, and finds the Report and Recommendation to be persuasive.  Accordingly, the Court **ADOPTS** the Report and Recommendation (Docket No. 6) in its entirety.  The Court **ORDERS** the following:

1. That the Plaintiff be permitted to proceed with a claim for damages under 42 U.S.C. § 1983 premised upon an unconstitutional use of excessive force, but only as to Defendants Brown, Koskovich, Moser, and Lee, and only in their individual capacities;

2.      That all of the other claims and defendants be **DISMISSED WITHOUT PREJUDICE**, and that the action be recaptioned accordingly;

3.      That the action be stayed pending completion of the state criminal proceedings referenced in the complaint unless the Plaintiff shows cause why the action should not be stayed;

4.      That the Plaintiff provide notice to the Court in writing of the completion of the state criminal prosecution not later than sixty (60) days following the entry of a final, non-appealable judgment, and that failure to comply may result in the complaint being dismissed without prejudice; and

5.      That during the pendency of the stay, the complaint need not be served upon Defendants Brown, Koskovich, Moser, and Lee and that the complaint not be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, given that good cause exists for not serving the defendants until the Court lifts the stay.

**IT IS SO ORDERED.**

Dated this 9th day of February, 2010.

*/s/  Daniel L. Hovland*_____
Daniel L. Hovland, District Judge
United States District Court

6