IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| Joel Henry Wetzel, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| vs. | ) | |
| | ) | |
| Daniel L. Brown, Brian Koskovich, | ) | |
| Jeremy Moser, and Corey Lee, | ) | Case No. 1:09-cv-053 |
| | ) | |
| Defendants. | ) | |

The Plaintiff initiated the above-entitled action by pro se complaint on August 27, 2009. See Docket No. 5. Pursuant to 28 U.S.C. § 1915A, the undersigned conducted a review of the record and relevant case law and submitted Report and Recommendation on January 24, 2010. See Docket no. 6. The court, over the Plaintiff's objections, adopted the undersigned Report and Recommendation on February 9, 2010, and ordered:

1. That the Plaintiff be permitted to proceed with a claim for damages under 42 U.S.C. § 1983 premised upon an unconstitutional use of excessive force, but only as to Defendants Brown, Koskovich, Moser, and Lee, and only in their individual capacities;

2. That all of the other claims and defendants be dismissed without prejudice, and that the action be captioned accordingly;

3. That the action be stayed in completion of the state criminal proceedings referenced in the complaint unless the Plaintiff shows cause why the action should not be stayed;

4. That the Plaintiff provide notice to the Court in writing of the completion of the state criminal prosecution no later than sixty (60) days following the entry of a final, non-appealable judgment, and that failure to comply may result in the complaint being dismissed without prejudice; and

>    5.    That during the pendency of the stay, the complaint need not be served upon defendants Brown, Koskovich, Moser, and Lee and that the complaint not be dismissed pursuant to F. R. Civ. P. 4(m), given that good cause exists for not serving the defendants until the court lifts the stay.

Docket No. 10. Thereafter, the Plaintiff filed multiple Notices of Appeal with the Eighth Circuit. See Docket Nos. 11, 14, and 15. Finding the Plaintiffs appeal to be premature, the Eighth Circuit dismissed the appeal for lack of jurisdiction on April 20, 2010. See Docket No. 16. Its mandate was issued on June 15, 2010. See Docket No. 17.

On July 7, 2010, the Clerk's office received a letter from the Plaintiff wherein he advised that he had been convicted in underlying state criminal proceedings and that he was intending to file a direct appeal with the North Dakota Supreme Court. The Plaintiff has provided no additional information to this court on the status of his direct appeal.

A cursory examination of register of actions available online at the North Dakota Supreme Court's website indicates that the North Dakota Supreme Court entered an order dismissing the Plaintiff's appeal on December 10, 2010. More than five months have since lapsed and the Plaintiff has yet provide the court with anything approximating written notice of the completion of his state criminal prosecution as previously directed. Accordingly, the undersigned recommends that the stay be lifted and the above-entitled action be dismissed for failure to prosecute. See Miller v. Benson, 51 F.3d 166, 168 (8th Cir. 1995) ("District courts have inherent power to dismiss sua sponte a case for failure to prosecute, and we review the exercise of this power is reviewed for abuse of discretion."); see also Sterling v. United States, 985 F.2d 411, 412 (8th Cir. 1993) (same); Fed. R. Civ. P. 41(b).

## NOTICE OF RIGHT TO FILE OBJECTIONS

Pursuant to D.N.D. Civil L.R. 72.1(D)(3), plaintiff may object to this recommendation within fourteen (14) days after being served with a copy of this Report and Recommendation. Failure to file appropriate objections may result in the recommended action being taken without further notice or opportunity to respond.

Dated this 1st day of June, 2011.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr.
United States Magistrate Judge