# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# SOUTHWESTERN DIVISION

| | |
|---|---|
| Joel H. Wetzel, | ) |
| Plaintiff, | ) **ORDER GRANTING PLAINTIFF'S** |
| | ) **AMENDED REQUEST FOR SUBPOENAS** |
| vs. | ) |
| Daniel Brown, Brian Koskovich, | ) |
| Jeremy Moser, and Corey Lee, | ) |
| | ) Case No. 1:09-cv-053 |
| Defendant. | ) |

On October 19, 2012, plaintiff contacted the Clerk to request, inter alia, six blank subpoenas "to gather evidence." The court denied plaintiff's request without prejudice. In so doing, it expressed the following concerns:

> The first is the very real potential for prisoners abusing the court's subpoena power. The second is one of practicality and whether the subpoenas are a viable tool for evidence collection for prisoners, given their incarcerated status. Consequently, before the court provides plaintiff with any subpoenas, the court will require some showing from plaintiff regarding the following points, as relevant: (1) the name and address of the person or entity to whom each subpoena will be directed; (2) the purpose for each subpoena; (3) plaintiff's wherewithal to conduct any proceeding for which the subpoenas might be issued given his incarcerated status; (4) plaintiff's ability to tender any witness and other fees that may be required for the subpoenas; and (5) if other means of discovery are available, the other means are not practical or are unlikely to result in the production of the needed information.

(Docket No. 52). It also reminded plaintiff that he had other means at his disposal for obtaining discovery.

On October 29, 2012, plaintiff filed an "Amended Request for Subpoenas." He renews his request for six subpoenas. To assuage the court's concerns, he agrees to provide the names and addresses of those he wishes to subpoena, identify the purpose for each subpoena, and pay any fees

1

that may be imposed. He further states that he is seeking medical records "to establish the amount of injuries and the extent in severity, and the treatment ongoing to determine the liability and damages." (Docket No. 53). Finally, he advises that he has retained an assistant to gather evidence and conduct interviews.

The concerns previously expressed by the court remain because it is still unclear what plaintiff intends to use the subpoenas for. For example, he state he has retained an assistant to gather evidence and conduct interviews. There is nothing that prohibits plaintiff's assistant from doing this now to the extent that third parties are voluntarily willing to cooperate in providing the information or being interviewed. However, there is nothing in the Federal Rules of Civil Procedure that authorizes use of a subpoena to compel persons to submit to an interview if that is part of the reason that plaintiff wants subpoenas. Rather, if the goal is to obtain the testimony of a third party, the subpoena must be for attendance at a deposition or a court proceeding under Fed. R. Civ. P. 45. And for a deposition, certain formalities must be adhered to as set forth in Fed. R. Civ. P. 30.

That being said, an appropriate use of a subpoena would be to obtain records, particularly when the person or entity from whom the records are sought is not a party. And here, plaintiff states that one of the reasons that he wants the subpoenas is to obtain medical records. Consequently, the court will order the clerk to provide blank subpoena forms for this purpose. If plaintiff wants subpoenas for other purposes, he will have to provide the information required in the court's earlier order demonstrating that he has the capacity to the subpoenas for an authorized purpose.

Based on the foregoing, it is hereby **ORDERED** that Plaintiff's "Amended Request for Subpoenas" (Docket No. 53) is **GRANTED**, as follows: The Clerk shall forward to plaintiff six blank subpoena forms for production of documents. Plaintiff can then complete the forms by

2

inserting the information required. Before plaintiff can use the forms, he must submit them to the Clerk for signing. If the forms are properly completed and otherwise appear to be in order, the Clerk may then sign the subpoena forms return them to plaintiff who shall be responsible for the proper service of the subpoenas.

Dated this 5th day of November, 2012.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr.
United States Magistrate Judge