IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| Joel Henry Wetzel, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Daniel Brown, Brian Koskovich, Jeremy Moser, and Corey Lee, | ) ) | Case No. 1:09-cv-053 |
| | ) | |
| Defendants. | ) | |

On November 5, 2012, the court issued an order granting plaintiff's amended request for subpoenas with the following instructions:

> The Clerk shall forward to plaintiff six blank subpoena forms for production of documents. Plaintiff can then complete the forms by inserting the information required. Before plaintiff can use the forms, he must submit them to the Clerk for signing. If the forms are properly completed and otherwise appear to be in order, the Clerk may then sign the subpoena forms return them to plaintiff who shall be responsible for the proper service of the subpoenas.

(Docket No. 54).

On December 26, 2012, plaintiff filed a motion to compel production of documents from St. Alexius, a non-party hospital.[1] According to plaintiff, he twice requested his medical records from St. Alexius. In so doing, he provided St. Alexius with signed consent and authorization forms for the release of his medical records. St. Alexius denied receipt of plaintiff's first request and objected to his second request despite his subsequent offer to pay its photocopying expenses.[2]

---

[1] It does not appear from the record that Wetzel served a copy of this motion on St. Alexius.

[2] On February 4, 2013, plaintiff filed a motion for additional time amend his pleadings, stating: (1) he has yet to receive all requested medical records, and (2) he "just received six hundred and sixty four pages of medical records that have not been reviewed." (Docket No. 57). The record provides no indication one way or the other

1

Under Fed. R. Civ. P. 45, a person commanded to produce documents subject to a subpoena may object to production either before the time specified for compliance or 14 days after the subpoena is served. Fed. R. Civ. P. 45(c)(2)(B). The party serving the subpoena may then move for a court order compelling production. Fed. R. Civ. P. 45(c)(2)(B)(i). If the producing person is not a party to the underlying suit, any order issued by the court commanding compliance must protect the non-party "from significant expense resulting from compliance." Fed. R. Civ. P. 45(c)(2)(B) (ii).

The court cannot divine from plaintiff's submissions the nature of St. Alexius' objection to plaintiff's second request for documents. In any event, it is not readily apparent that plaintiff served subpoenas duces tecum on St. Alexius pursuant to Rule 45. Consequently, plaintiff's motion for an order compelling production of subpoenaed documents is arguably premature. Plaintiff's motion (Docket No. 56) is therefore **DENIED** without prejudice.

**IT IS SO ORDERED.**

Dated this 6th day of February, 2013.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr., Magistrate Judge
United States District Court

---

whether the records he recently received encompass those that are the subject of the motion now before the court to compel production of documents from St. Alexius.