IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | |
|---|---|
| Joel Henry Wetzel, ) | |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Daniel Brown, Brian Koskovich, Jeremy ) | |
| Moser, and Corey Lee, ) | Case No. 1:09-cv-053 |
| ) | |
| Defendants. ) | |

Before the court are two Motions to Amend, two Motions for Production, and a "Motion for Extension to Complete Discovery and File Discovery Motions" filed by the plaintiff, Joel Henry Wetzel ("Wetzel"). For the reason set forth below, the Motions to Amend are granted, the Motions for Production are denied, and the "Motion for Extension to Complete Discovery and File Discovery Motions" is granted.

I.   **BACKGROUND**

On February 15, 2013, Wetzel filed a motion for an extension of time to amend his pleadings. On February 19, 2013, he filed with this court a copy of state district court order authorizing the North Dakota Department of Corrections to give him copies of his medical records. Attached to this order were documents captioned Additional Claims 1 through 9. In Additional Claims 1 through 8, Wetzel stated that he suffered the following injuries as a result of defendants' alleged conduct: multilevel small metal and bone spurs (Additional Claim 1); rectal damage (Additional Claim 2); right lung damage (Additional Claim 3); right kidney damage (Additional Claim 4); physical and mental pain (Additional Claim 5); an immunodeficiency (Additional Claim 7); and scarring (Additional Claim 8). (Docket No. 60-1 through 60-8). Attached to these documents were copies of incident reports, medical

1

records, nursing notes, and photographs. In Additional Claim 9, he requested $111,000 in compensatory damages and $1,000,000 in punitive damages from each defendant. (Docket No. 60-9).

On March 5, 2013, the court entered an order granting Wetzel's motion for an extension of time. In so doing, it advised Wetzel that it was not construing the documents captioned Additional Claims 1 through 9 as additional causes of action and that he would still need to obtain the court's permission before amending his complaint.

On March 18, 2013, Wetzel filed a motion to amend his pleadings to the include the aforementioned Additional Claims 1 through 9. On April 1, 2013, Wetzel filed second motion to amend his complaint to include claims for compensatory and punitive damages from each defendant.

On April 1, 2013, Wetzel filed a motion to compel discovery, to wit: "the four (4) Dickinson Police in-car video/audio tapes that are in evidence custody of the North Dakota Bureau of Investigation." (Docket No. 65). On April 12, 2013, he filed a motion to compel discovery from a non-party. He also filed a motion requesting that the court extend the deadline for completing discovery and filing discovery motions for another sixty days.

## II.   DISCUSSION

### A.   Motions to Amend

Wetzel has filed two motions with the court in which he seeks leave to amend his complaint in order to clarify his demand for compensatory damages, assert a claim for punitive damages, and otherwise incorporate "Additional Claims 1 through 9." Defendants have yet to file responses to either of Wetzel's motions. Their silence may be deemed an admission that the motions are well taken. D.N.D. Civ. L.R. 7.1(F).

Rule 15 of the Federal Rules of Civil Procedure provides in relevant part that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave

shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). It is generally left to the court's discretion whether to grant leave to amend the pleadings. Gamma-10 Plastics, Inc. v. American President Lines, Ltd., 32 F.3d 1244, 1255 (8th Cir.1994). Unless there is a good reason for denial, such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment, leave to amend is generally granted. Becker v. Univ. of Nebraska at Omaha, 191 F.3d 904, 908 (8th Cir. 1999). "Likelihood of success on the new claim or defenses is not a consideration for denying leave to amend unless the claim is clearly frivolous." Id.

### 1. Additional Claims 1 through 8

The court is not entirely convinced that, the demand for compensatory and punitive damages aside, it is Wetzel's intention to add new eight claims separate and apart from to what is already alleged in his original complaint. Rather, it appears that he simply wants to elaborate on the record about the extent of the injuries he alleges were caused by defendants' use of excessive force.

In any event, amendments proposed by Wetzel pose no appreciable prejudice and will not unduly delay final disposition of this matter. Consequently, the court is inclined to grant Wetzel's request to amend his complaint to add Additional Claims 1 through 8. What the court will not permit, however, are Wetzel's medical records to be incorporated into the pleadings.

### 2. Additional Claim 9/Request for Compensatory and Punitive Damages

The interests of justice will be served by allowing Wetzel to amend his complaint to make clear that he is seeking compensatory damages. In addition, the court is inclined to allow Wetzel to amend his complaint to include a request for punitive damages as defendants have no voiced no opposition to such an amendment. Kyle v. Patterson, 196 F.3d 695, 697-98 (7th Cir.1999) ("Punitive damages are available in § 1983 cases only upon a showing of 'evil motive or intent, or ... reckless or

3

callous indifference to the federally protected rights of others." (citations omitted))

### B. Motions for Production

Wetzel has filed motions for production pursuant to Fed. R. Civ. P. 26, 34, and 37. Fed. R. Civ. Rule 26(b)(1) defines the scope of discovery as follows:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.

Fed. R. Civ. P. 37(a) provides in relevant part that "a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).

It is incumbent on the parties to conduct their own discovery. The court will not typically involve itself in the discovery process unless a dispute arises between the parties that cannot be resolved without court intervention. The court may compel a party or nonparty to comply with a discovery request, but such an order presupposes the existence of a valid discovery request.

#### 1. Video/Audio Tapes.

In February, 2013, defendants received the following supplemental request for production of documents from Wetzel:

> **REQUEST:** The plaintiff requests the fo9llowing discovery to be made available for copies. According to Dickinson Police Reports from the date of incident on July 8, 2008, there exists four, (4) video tapes, one, (1) from each of the defendants' police units. To the plaintiff's knowledge from discovery released by the prosecutor in the State Criminal case No. 08-C-581 these four, (4) video, audio tapes were turned over to the North Dakota Bureau of Criminal Investigation. Pursuant to F.R.C.P. Rule 34(a)(1)(A)(b)(1)(E)(i)(ii). The plaintiff requests that this discovery be reproduced and made availible to Mr. James N. Wetzel who has been granted Power of Attorney by the plaintiff to view, record, copy, accept, possess, and store this discovery in his personal safe, or safety deposit box. Any discovery that the plaintiff cannot retrieve

>himself because of his incarceration at the James River Prison, Jamestown, ND 58401. Mr. James N. Wetzel has been instructed that he cannot disclose any discovery except what plaintiff authorized, and the Court. The plaintiff will pay all reasonable costs for the discovery request. The plaintiff requests that he be given 14 days notice as to when and where the discovery can be retrieved. We also request the N.D.B.C.I. Agent's name, address, business location, and telephone number to meet the discovery request.

(Docket No. 68-1). They responded:

>**ANSWER:** This request is objected to as vague, overbroad and unduly burdensome. It is also objected to as unintelligible as "there exists four, (4) video tapes, one (1) from each of the defendants' police units."
>
>Without waiving the foregoing objections, and the extent defendants understand what is being requested, defendants do not have the requested video/audio tapes.

(Id.).

Shortly thereafter, defendants received another request for production of documents from Wetzel:

>(1) To produce and permit Plaintiff's Power of Attorney, James N. Wetzel to inspect and to copy and to test or sample the following electronically stored information:
>
>>(A) The Plaintiff is seeking two (2) VHS tapes and two (2) DVD's of the in car videos from the vehicles of Defendants, Daniel L. Brown, Brian Koskovich, Jeremy Moser and Corey Lee. See deposition of Pat Helfrich page seven (7), lines 2-7.
>>(B) The Defendants, Daniel L. Brown, Brian Koskovich, Jeremy Moser, Corey Lee are Dickinson Police Officers where the evidence is stored from the incident from 7-8-08, case No. 08-K-581 with the except of the four (4) tapes, the four, (4) tapes are stored in Bismarck, N.D. with the North Dakota Bureau of Criminal Investigation, See Agent Pat Helfrich stationed in Dickinson, N.D. who works with burden for the Dickinson Police Defendants to contact N.D.B.C.I. Agent pat Helfrich for arrangements the plaintiff has requested.
>>(C) This request is not vague, overbroad, nor unduly burdensome and it is not unintelligible as to "there exists four, (4) video tapes, one from each of the defendants police units",
>>(D) Please contact the plaintiff when the arrangements can be made for the recovery; please allow two, (2) weeks notice so plaintiff can contact his Power of Attorney.

(Docket No. 68-2). They responded as follow:

> **ANSWER:** This request is objected to as vague, overbroad and unduly burdensome. Without waiving the foregoing objections, as previously stated defendants not have the requested video/audio tapes. Defendants also do not believe the requested video tapes are in the possession of the Dickinson Police Department, but may be in the possession of the North Dakota Bureau of Criminal Investigation (N.D.B.C.I.). Plaintiff can make arrangements to request N.D.B.C.I. to produce such information, to the extent that the requested information exists.

(Id.).

Dissatisfied with defendants' responses to his discovery requests, Wetzel filed a Motion to Compel on April 1, 2013. He asks the court to order defendants produce "the four, (4) Dickinson Police in-car video/audio tapes that are in evidence custody of the North Dakota Bureau of Investigation, this evidence is being stored for the Dickinson Police Dept. [citation deleted]. This evidence is from State v. Wetzel, 08-K-581 case." (Docket No. 65) (errors in original).

Defendants filed a response in opposition to Wetzel's motion on April 4, 2013. They stress that the Dickinson Police Department is not a defendant and that Wetzel is suing them in their individual as opposed to official capacities. More importantly, they deny that the requested materials are in their or the Dickinson Police Department's possession.

Defendants cannot produce materials they do not possess. Wetzel is aware that NDBCI has custody and control over the materials he seeks. To the extent that they exist, these materials can by obtained directly by Wetzel or his representative by subpoena or otherwise. The court will not obligate defendants to conduct Wetzel's discovery for him.

### 2. St. Alexius Medical Center Billing Records

On April 12, 2013, Wetzel filed a motion for an order compelling St. Alexius Medical Center ("St. Alexius") to produce billings records. He asserted that St. Alexius has not responded to his requests for billing records and ignored a state district court order authorizing the disclosure of his medical records.

6

Along with his motion Wetzel has submitted copies of the following documents for the court's reference: (1) his letter to St. Alexius dated February 4, 2013; (2), a state district court's Order Authorizing Disclosure of Records; (2) a Stipulation for Order Authorizing Disclosure of Records. In the stipulation, the parties contemplate that Sanford Medical Center, the successor to MedCenter One Health Systems, and the Jamestown Regional Medical Center would disclose medical records relating to Wetzel's medical care while in the DOCR's custody. They make no mention of or reference to St. Alexius, however.

Wetzel attached medical records to the documents captioned Additional Claims 1 through 9. A number of these records appear to have come from St. Alexius. Thus, it would appear that, contrary to Wetzel's assertion, St. Alexius did not simply ignore the state district court and has made records in its possession available to Wetzel.

At this point the court cannot divine the relevance of the billings records sought by Wetzel as he is not seeking to recoup any out-of-pocket medical expenses. In any event, the court is not inclined to grant Wetzel's request at this time and issue an order compelling St. Alexius to produce billing records for Wetzel's inspection. St. Alexius is not a party to this action, and therefore an order to compel discovery under Fed.R.Civ.P. 34 is not appropriate. Wetzel must seek from the clerk a subpoena duces tecum pursuant to Fed.R.Civ.P. 45.

### C.   Motion for Extension to Complete Discovery and File Discovery Motions

As noted above, the court granted a previous request from Wetzel to extend deadline for completing discovery and filing discovery motions. Wetzel now requests another sixty-day extension of this deadline. He avers that the extension is justified because defendants have refused to honor his discovery requests. He further advises that on April 18, 2013, he filed a motion in state district court for release of discovery in his underlying criminal case.

Although not entirely clear, it appears that the two discovery requests to which Wetzel refers are the subject of his Motions for Production. As explained above, defendants cannot produce something they do not have.

Because Wetzel is proceeding pro se, the court is inclined, albeit reluctantly, to grant him the requested extension. However, Wetzel should take heed that further requests for extensions of time will not be looked upon with favor.

### III. CONCLUSION

Wetzel's Motions to Amend (Docket Nos. 63 and 64) are **GRANTED.** The Clerk's office is directed to refile a copy of Wetzel's original complaint along with copies of the documents captioned Additional Claims 1 through 9 without the additional medical records as Wetzel's amended complaint. Wetzel's Motions for Production (Docket Nos. 65 and 69) are **DENIED**. Wetzel's Motion for Extension of Time (Docket No. 72) is **GRANTED**. The parties shall have until July 15, 2013, to complete discovery and file discovery motions.

**IT IS SO ORDERED.**

Dated this 14th day of May, 2013.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr.
United States Magistrate Judge