# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| Joel Henry Wetzel, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Daniel Brown, Brian Koskovich, Jeremy Moser, and Corey Lee, | ) | Case No. 1:09-cv-053 |
| | ) | |
| Defendants. | ) | |

## I.  BACKGROUND

On May 15, 2013, plaintiff filed a "Motion for Order to Copy and Produce Documents Electronically Stores Information Discovery" and "Request for Order."  He asks the court to order the Stark County State's Attorney to "to make available all discovery, and to allow plaintiff power of attorney to copy, inspect, all evidence that the plaintiff requests to include and to produce all documents electronically stored information discovery." (Docket No. 75-1) (errors in original).  In so doing, he insists that his ability to litigate his claims of excessive force is contingent in part on accessing the record in his underlying criminal case.  He further avers that his rights have been violated to the extent that: (1) the prosecution refused to disclose Brady materials in his underlying criminal proceedings in state court; (2) his demands to access these materials continue to fall on deaf ears; and (3) the state district will not permit him to file a motion to compel production of these materials.  Finally, he avers: "Plaintiff in the past has requested four, (4) police-in car video audio tapes only to be rebuffed by the Defendants in the Federal Civil case, I also filed a motion to compel discovery with this court on 3-26-13, I have received no response from this court, nor any reply from

1

Defendants. This also raise to a Brady violation." (Docket No. 75-1). [1]

On May 17, 2013, plaintiff filed two motions to compel two non-parties, the Dickinson Police Department and the "North Dakota Police Training Standard Board," to provide him with copies of their respective policies regarding the use of deadly force.

## II. DISCUSSION

With respect to plaintiff's May 15, 2013, filings, the court's order dated May 14, 2013, addressed, in part, similar discovery requests. Likely, it crossed in the mail and was not received by plaintiff until he had filed his May 15 discovery requests.

As the court explained in its May 14 order, the defendants contend (and the court has no reason to believe otherwise) that they do not possess the material requested. Further, the court cannot simply order on its own non-parties to produce material; rather, appropriate legal process must be used.

Wetzel argues that entities holding the information that he seeks have an obligation to produce it pursuant to Brady v. Maryland, 373 U.S. 83 (1983). However, this is a civil case, not a criminal prosecution; Brady has no applicability here.

As the court explained in its May 14 order, plaintiff must follow the procedures outlined in Fed. R. Civ. P. 45 for issuance of subpoenas duces tecum if he wants to obtain information held by third parties. This applies not only to what plaintiff seeks in his May 15 filings, but also with respect to his May 17 filings.

To short circuit another round of filings, the court will order the clerk to provide Wetzel with

---

[1] The record reflects that Wetzel filed a motion to compel production of these video tapes from defendants on April 1, 2013, that defendants filed a response to the motion on April 4, 2013, denying they had any such tapes in their possession, and that the court issued an order denying the motion on May 14, 2013. (Docket Nos. 65, 66, and 74).

three blank subpoena forms. However, as recently noted by this court in another case:

> The issuance of subpoenas to a prisoner raises two concerns: (1) the possibility that the prisoner may abuse of the court's subpoena power; and (2) the viability of subpoenas as a tool for evidence collection given the prisoner's custodial status. Before the court the will authorize the issuance of subpoenas to a prisoner, it typically requires that the prisoner first provide some or all of the following information: (1) the name and address of the person (or entity) to whom each subpoena will be directed; (2) the purpose for each subpoena; (3) the prisoner's wherewithal to conduct any proceeding for which the subpoenas might be issued; (4) the prisoner's ability to tender any witness and other fees that may be required for the subpoenas; and (5) if other means of discovery are available, a demonstration by the prisoner that these other means are neither practical nor likely to result in the production of the needed information.

Benjamin v. Ward County, No. 4:12–cv–028, 2013 WL 811444, *3 (D.N.D. Mar. 5, 2013). Consequently, the court in its order below will follow the same procedure as ordered in Benjamin.

Id.

### III.    ORDER

The Clerk shall forward to plaintiff three blank subpoena forms for production of documents. Plaintiff can the complete the forms by inserting the information required. However, before plaintiff uses these forms, he must return them to the Clerk's office for signing. If the forms are properly completed and otherwise appear to be in order, the Clerk may then sign the subpoena forms return them to plaintiff, who shall be responsible for serving them.

Based on the foregoing, plaintiff's discovery motions (Doc. Nos. 75, 77, & 78) dated May 15 and May 17, 2013, are hereby **DENIED**.

**IT IS SO ORDERED.**

Dated this 18th day of July, 2013.

> */s/ Charles S. Miller, Jr.*
> Charles S. Miller, Jr, Magistrate Judge
> United States District Court