**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Joel H. Wetzel, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| Daniel Brown, et. al., | ) | |
| | ) | Case No. 1:09-cv-053 |
| Defendants. | ) | |

The court previously directed the Clerk's office to forward blank subpoenas to plaintiff with the instruction that, before he could serve these subpoenas on non-parties, he had to first properly complete and return them to the Clerk's office for signing.

The Clerk's office provided plaintiff with blank subpoenas as directed. On June 12 and August 16, 2013, plaintiff returned completed subpoenas to the Clerk's office. Having reviewed the subpoenas, the court finds them deficient in several respects. First, the subpoenas do not properly set forth a specific date and time on which the non-parties are to produce the requested materials.[1] Second, a number of the forms are ambiguous when it comes to designating the place where the documents are to produced and, in any event, the Clerk's office is not the appropriate place of production.[2] Third, one subpoena directs the Stark County Attorney General to produce certain information, and, presumably, the official in question is the Stark County State's Attorney. Fourth,

---

[1] All of the forms completed by plaintiff command the production of the requested documents within thirty days. This command is ambiguous.

[2] In one subpoena duces tecum, plaintiff designates the North Dakota Bureau of Criminal Investigation as the place where materials (video recordings) are to be produced. In another, he designates the Clerk's office as the place where these same materials (video recordings) are to be produced. (Docket No. 99, p. 4).

1

two of the subpoenas direct that the documents be sent to plaintiff rather than produced for inspection or copying at the location where they are being kept.  While the person who is served with the subpoena may voluntarily send the material to plaintiff, there is no requirement that the person do so and these two subpoenas should designate a time and place for inspection and copying.

The Clerk's office shall not sign and return the subpoena forms it has received from plaintiff to date.  Rather, it shall forward additional blank subpoenas to plaintiff, who is again directed to fill them out and return them to the Clerk's office for signing.  When filling out these subpoenas, plaintiff should  designate a specific date, time, and place where the requested documents are to be produced.  The court appreciates that plaintiff's custodial status creates some challenges when it comes time to designate a place where the requested materials are to be produced.  That being said, the Clerk's office is not a proper designee.

**IT IS SO ORDERED.**

Dated this 20th day of August, 2013.

/s/  Charles S. Miller, Jr.
Charles S. Miller, Jr., Magistrate Judge
United States District Court