IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| Joel Henry Wetzel, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Daniel Brown, Brian Koskovich, Jeremy | ) | |
| Moser, and Corey Lee, | ) | Case No. 1:09-cv-053 |
| | ) | |
| Defendants. | ) | |

On October 16, 2013, the plaintiff, Joel Wetzel ("Wetzel") filed a "Motion to Compel

Discovery, and Order for Release of Dickinson, N.D. Police Tapes, and for Order for Proof of

Destruction of Them." On November 8, 2013, he filed what the court construes as a Motion for

Subpoenas. For the reasons set forth below, the motions are denied.

I.      BACKGROUND AND DISCUSSION

A.      Motion to Compel

Wetzel served a subpoena duces tecum on the Stark County State's Attorney, a non-party, that

commanded production of:

> Discovery evidence, Four, (4) video/audio in-car Dickinson Police tapes, two, (2)
> DVDs & two, (2) VHS tapes, from 07–08-2008 Police Shooting of Joel H. Wetzel
> N.D. Case No. #07-K-581.  (To be turned over to Mr. James N. Wetzel, the Plaintiffs'
> Power of Attorney)

(Docket No. 105-1) (errors in original). Assistant Stark County State's Attorney James Hope

responded that his office was not in possession of the demanded items.  (Docket No. 105-2).  He

further advised that, based upon inquiries he had made to both the North Dakota Bureau of Criminal

Investigation (NDBCI) and the Dickinson Police Department, he believed that the items had been

disposed of some time ago.  (Id.).

Wetzel objected to the Assistant State's Attorney Hope's response on the grounds that it was vague and evasive.  (Docket No. 105-3).  He further inquired as to when,  by whom, and on whose authority the demanded items had been destroyed.  (Id.).

On October 16, 2013, Wetzel filed a "Motion to Compel Discovery, and Order for Release of Dickinson, N.D. Police Tapes, and for Order for Proof of Destruction of Them, if Destroyed."  He seeks an order compelling the Stark County State's Attorney to either produce the demanded items or otherwise provide proof that the items were destroyed.[1]

On October 29, 2013, Stark County State's Attorney Tom Henning entered a special appearance to respond to Wetzel's motion.  He stated, inter alia, that he believed that the requested had been disposed of.

On November 7, 2013, Wetzel filed a reply to State's Attorney Henning's response, averring that the State's Attorney "has Control of the Police Evidence and Official Authority."

The Stark County State's Attorney's office has advised that it does possess the items demanded by Wetzel.  It obviously cannot produce what it does not possess.  The court appreciates Wetzel's frustration.  However, with respect to his Wetzel's demand for proof of the items destruction, the court will not obligate it to conduct the Assistant State's Attorney to conduct  discovery for him.  The NDBCI was entrusted with these items and would be in a best position to either confirm the continued existence of these items or otherwise provide insight into the circumstances surrounding the items purported destruction.  In early 2013, when responding to Wetzel's discovery requests, defendants

---

[1]  In the event that these items no longer exist, Wetzel asks that the court instruct the jury at trial that the items were destroyed at the direction of the Stark County State's Attorney's Office.  The court need not address this request in the present context other than to note that it is premature.  The court will address the parties' requests for jury instructions at trial.

advised Wetzel that the items were likely in the NDBCI's possession.  (Docket Nos.  65-3).

The record reflects that on June 12, 2013, Wetzel submitted for the court's review a subpoena duces tecum that commanded NDBCI to produce the following to the Clerk's office within thirty days of service:

> Discovery evidence, Four, (4) video/audio in-car Dickinson Police tapes, two, (2) DVDs & two, (2) VHS tapes, from 07–08-2008 Police Shooting of Joel H. Wetzel, the Plaintiff in this Civil Action.  These are being stored for the Stark County Attorney General, and the Dickinson Police Dept., Case No. 08-K-081.

(Docket No. 99).  The court, in an order dated August 20, 2013, instructed the Clerk's office not to sign the subpoena on account of the fact it was deficient in several respects, to wit: it neither set forth a specific date and time on which the NDBCI was to produce the requested items nor designated a proper place for production.  (Docket No. 102).  Instead, the court directed the Clerk's office to forward additional blank subpoena forms to Wetzel with the understanding that he would again have to return them to for signing once they were completed.  (Id.) To date Wetzel has not submitted another subpoena duces tecum directed at the NDBCI.

Wetzel made demands on the Stark County State's Attorney knowing full well that they likely did not have custody and control of these items.  Assistant State's Attorney Hope attempted to ascertain the whereabout of these items.  The fact that he did so would suggest that the State's Attorney's office had no knowledge items whereabout or status independent from what was provided by the NDBCI. Despite having been afforded the opportunity to do so, Wetzel has not resubmitted a subpoena duces tecum for items in the NDBCI's custody.

### B.      Motion for Subpoenas

Wetzel contacted the clerk on November 6, 2013, to request fifteen blank subpoena forms "for

3

Pretrial Preparation."[2]  The court construes this as a Motion for Subpoenas.

Wetzel was previously advised that, in order to obtain subpoena forms, he must first provide the following information: (1) the name and address of the person or entity to whom each subpoena will be directed; (2) the purpose for each subpoena; (3) his wherewithal to conduct any proceeding for which the subpoenas might be issued given his incarcerated status; (4) his ability to tender any witness and other fees that may be required for the subpoenas; and (5) if other means of discovery are available, the other means are not practical or are unlikely to result in the production of the needed information.

When submitting his instant subpoena request, Wetzel neither stated the purpose of each subpoena nor identified the individuals to whom the subpoenas will be directed.  If his intent to subpoena persons for trial, it should be noted that the trial was postponed and has yet to be rescheduled.  Consequently, the court is not inclined to grant his subpoena request at this time.

## II.    CONCLUSION

Wetzel's "Motion to Compel Discovery, and Order for Release of Dickinson, N.D. Police Tapes, and for Order for Proof of Destruction of Them" (Docket No. 104) and Motion for Subpoenas (Docket No. 108) are **DENIED**.

**IT IS SO ORDERED.**

Dated this 13th day of January, 2014.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr., Magistrate Judge
United States District Court

---

[2]Wetzel also asked the Clerk's office to send him twenty exhibit stickers.