**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Joel Henry Wetzel, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Daniel Brown, Brian Koskovich, Jeremy Moser, and Corey Lee, | ) ) | Case No. 1:09-cv-053 |
| | ) | |
| Defendants. | ) | |

Before the court is a "Motion to Compel Discovery and for Order for Release of Plaintiff's Medical Records" filed by defendants on July 15, 2013. For the reasons set forth below, the motion is granted.

**I.  BACKGROUND**

This action arises out of an incident that occurred on July 8, 2008. According to Wetzel, defendants shot him multiple times in the back without provocation after conspiring to kill him. Defendants dispute Wetzel's account, averring that the evidence they present at trial will establish: (1) Wetzel discharged a firearm in a residence, injuring an occupant of the residence; (2) shortly thereafter three officers from the Dickinson Police Department–Defendants Brown, Koskovich, and Moser–arrived on the scene and ordered Wetzel to drop his firearm; and (3) Brown shot Wetzel once with a shotgun only after Wetzel raised his firearm toward Moser.

On July 15, 2013, defendants filed a motion for a court order compelling Wetzel to supplement what they deem to be his deficient responses to their discovery requests and provide them with additional medical records. Defendants' discovery requests and Wetzel's responses to

1

them are reproduced below:

> INTERROGATORY NO. 8: State each and every date on which you visited any medical practitioner, hospital, clinic, or other institution for examination or treatment with respect to any injury, illness or disability which you claim to have sustained or suffered as a result of the subject incident and, with respect to any hospital, clinic or other institution in which you were confined as an inpatient, state the period of confinement.
>
> WETZEL'S RESPONSE TO INTERROGATORY NO. 8:
> 8)(a)   I have released all of my Medical Records to the Defendant that I will be using in this case. You have the copies.
> (b)   I object to the request as the rest of my Medical Records are privileged: Doctor-Patient, Psychotherapist-Patient.
> (c)   The Defense attorneys have over six hundred pages of the medical records I have released, if they want each date, time, place, examination, or treatment that relates to the injuries, illnesses, and disabilities they are welcome to look them up from the above records released, as it is over burden some, over bearing some, and unreasonable to expect the Plaintiff to do the Defense Attorneys work for them. I object to this request for the above reasons.
>
> INTERROGATORY NO. 9: List the name and address of each medical practitioner or other person or hospital, clinic, doctor, nurse practitioner, therapist, sanitarium, rest home or other institution visited by plaintiff Joel Wetzel, on in which he was confined for the purpose of consultation, diagnosis, x-rays, treatment, or other care, specifying the dates of such visits or the period of time of such confinements during the last twenty (20) years.
>
> WETZEL'S RESPONSE TO INTERROGATORY NO. 9:
> 9)   I object to this request as it is Privileged: Doctor-Patient, Psychotherapist-Patient Information. It is also overbearing, over burdensome and unreasonable.
>
> INTERROGATORY NO. 10: List the name and address of each counselor, psychologist, psychiatrist, therapist, and/or other mental health professional seen and/or visited by plaintiff Joel Wetzel at anytime for any reason during the last twenty (20) years.
>
> WETZEL'S RESPONSE TO INTERROGATORY NO. 10:
> 10)(a) I object to this request it is Privileged: Doctor-Patient Psychotherapist Information.
> (b)   Plaintiff sent the State Hospital Evaluation Reports. I also sent you the V.A. Combat P.T.S.D. Evaluation. The request is also over bearing, over burdensome and unreasonable.

INTERROGATORY NO. 11: List the name and address of each pharmacy and/or other facility at which plaintiff Joel Wetzel has had any prescription of any type filled with the past twenty (20) years, specifying the dates of such prescriptions and/or refills.

WETZEL'S RESPONSE TO INTERROGATORY NO. 11:
11) I object to this request as its also Privileged: Doctor-Patient, Psychologist-Patient Information, it also is over bearing, overburdensome, and unreasonable and falls under harassment.

INTERROGATORY NO. 12: Please state whether plaintiff Joel Wetzel has ever at any time received either in-patient and/or outpatient treatment, counseling, and/or evaluations for any type of alcohol and/or drug dependency. If the answer is in the affirmative, please provide the name, address, and telephone number for each treating facility and/or practitioner and the dates of treatment, counseling, and/or evaluation.

WETZEL'S RESPONSE TO INTERROGATORY NO. 12:
12) I object to this request as it's Privileged: Doctor-Patient, Psychologist-Patient, therapist-Patient information. It is also overbearing, overburden some and unreasonable, falls under harassment as it has no bearing on this case.

INTERROGATORY NO. 13: Please provide the dates in which Joel Wetzel served in any branch of the Armed Forces, to include the breach of Armed Forces Wetzel served in, and the date of any deployments for war and/or any reason.

WETZEL'S RESPONSE TO INTERROGATORY No. 13:
13) I object to this request as it is Privileged Confidential-Information, I will share with the Defense parts of my Military Records at the Evidentiary Hearing, the Defense Attorneys will have their opportunity to object or not at that time.

REQUEST [FOR PRODUCTION OF DOCUMENTS] NO. 1: Please sign and return the attached Authorizations for Release of Information to obtain your medical and other treatment records and bills as referred to in your answers to the preceding interrogatories.

WETZEL's RESPONSE TO REQUEST NO. 1:
REQUEST #1
(a) Plaintiff objects to the request for Privileged Medical and Treatment Records, Doctor-Patient-Privileged.
(b) Plaintiff agrees to release the Medical Billing Records, the signed release is sent with the interrogatories answers and objects.

(Docket No. 90).

## II. DISCUSSION

### A. Rules Regarding Discovery

#### 1. Scope

Rule 26(b) of the Federal Rules of Civil Procedure defines the scope of discovery as follows:

> Parties may obtain discovery regarding any not privileged matter that is relevant to any party's claim or defense, including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.

Fed. R. Civ. P. 26(b)(1). For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Id. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Id.; Chubb Integrated Sys. Ltd. v. Nat'l Bank of Washington, 103 F.R.D. 52, 59 (D.D.C. 1984) ("The concept of relevancy is broadly construed at the discovery stage of an action, and discovery rules are to be accorded liberal treatment."); see also Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340 (1978) (explaining that the standard of relevance in the context of discovery is broader than in the context of admissibility).

The court, in its discretion, may limit the use of otherwise permissible discovery methods if it determines that:

   (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

   (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

   (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2). Additionally, "[s]ome threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir. 1992); see also Piacenti v. Gen. Motors Corp., 173 F.R.D. 221, 224 (N.D. Ill. 1997) ("The legal tenet that relevancy in the discovery context is broader than the context of admissibility should not be misapplied so as to allow fishing expeditions in discovery.").

### 2. Privilege

Rule 26(b) of the Federal and State Rules of Civil Procedure both provide that parties may obtain discovery regarding relevant matters that are not privileged. See Fed. R. Civ. P. 26(b)(1); N.D. R. Civ. P. 26(b)(1). In determining whether information requested in discovery is privileged, courts generally apply the same rules of privilege to discovery as apply at trial. See e.g., Int'l Tel. & Tel. Corp. v. United Tel. Co. of Fla., 60 F.R.D. 177, 180 (M.D. Fla. 1973) (citing United States v. Reynolds, 345 U.S. 1 (1953)). As this case is based upon a federal cause of action, federal common law governs the privilege determination. See Fed. R. Evid. 501; see also Gomes v. Lake County, Ill., No. 12 C 4439, 2013 WL 2156042, at *1 (N.D. Ill. May 15, 2013).

### B. Defendants' Motion to Compel

#### 1. Medical Records Pertaining to Wetzel's Physical Health and Prescription Medication

Defendants insist that Wetzel's medical records dating back to 1993 are relevant in this case and that they require complete access to his unadulterated medical records in order to verify the nature and extent of his physical injuries. The court agrees.

Wetzel's physical health prior to the July 2008 incident as well as the manner in which the

5

July 2008 incident transpired are at issue. There is a disagreement between the parties over the number of times Wetzel was shot on the night in question. Wetzel claims that he was shot twice, once with a shotgun and once with an assault rifle. Defendants maintain that Wetzel was shot only once, with a shotgun. They further assert that Wetzel's medical records will establish he was shot only once on July 8, 2008, and that Wetzel's other injuries predated the subject incident.

Documents previously submitted by Wetzel suggest that he sustained one or more gunshot wounds prior to the incident at issue in this case. For example, in supplemental materials filed by Wetzel on February 19, 2013, there is also a doctor's note dated July 12, 2010, that states Wetzel's past medical history was significant for gunshot wounds in 1993 and 2008. (Docket No. 60-7). Thus, Wetzel's health prior to, at the time of, and after the July 2008 incident are at issue. The fact that Wetzel has released all of the medical records he intends to use does not render those predating the incident immaterial or irrelevant. To better ascertain the extent and cause of Wetzel's injuries and whether some of the injuries may have predated the July 2008 incident, defendants require access to Wetzel's medical history dating back to 1993.

Given the unique circumstances of this case, the court concludes that defendants' discovery requests are neither overly broad nor unduly burdensome. It simply is not possible for defendants to obtain copies of Wetzel's relevant medical history until Wetzel has identified his healthcare providers.

As for Wetzel's invocation of the doctor-patient privilege, the court simply notes that federal common law recognizes no such privilege. See United States v. Bek, 493 F.3d 790, 801–802 (citing Northwestern Memorial Hospital v. Ashcroft, 362 F.3d 923, 926 (7th Cir. 2004) ("[T]he evidentiary privileges that are applicable to federal-question suits are given not by state law but by federal law,

6

Fed.R.Evid. 501, which does not recognize a physician-patient (or hospital-patient) privilege."). Because there is no doctor-patient privilege, there is no impediment to production of Wetzel's medical records in this case.

### 2. Records Pertaining to Wetzel's Mental Health and Treatment for Alcohol/Substance Abuse

Defendants also seek access to both Wetzel's mental health records and any records pertaining to treatment Wetzel may have received for alcohol/substance abuse. Specifically, they demand that Wetzel disclose where and from whom he has received psychiatric/psychological treatment in the last twenty years. They also demand that he provide information regarding any treatment, counseling, or evaluations he may have received for alcohol and/or drug dependency. They aver that this information bears upon both Wetzel's credibility and claim for damages. They also insist that this information is relevant to the jury's understanding of the subject incident.

In response, Wetzel reiterates his objections to defendants' requests–that the records sought are irrelevant and otherwise protected by the psychotherapist-patient privilege. He also expresses concern over what he perceives as defendants' attempts "to assassinate [his] Character due to his Combat P.T.S.D. war wounds that he received while serving in the Republic of South Vietnam, 1967-68 and 1969-70 as a Recon-Forward Observer-Intelligence Officer." (Docket No. 94).

Wetzel has placed his medical condition, both physical and mental, at issue; he seeks compensation for mental and physical suffering. As the nature, extent, or origin of Wetzel's injuries, including those to his mental health, are relevant to his damage claims, the court is inclined to grant defendants' request and order him to produce the records or execute the necessary releases to permit defendants to access these records directly.

In <u>Jaffee v. Redmond</u>, the United States Supreme Court recognized the existence of a

7

psychotherapist-patient privilege in federal question cases. See 518 U.S. 1, 15 (1996). Since Jaffee, numerous courts, the Eighth Circuit included, have decided that a plaintiff waives this privilege when placing his medical condition at issue. Schoffstall v. Henderson, 223 F.3d 818, 823 (8th Cir. 2000) (citing Sarko v. Penn–Del Directory Co., 170 F.R.D. 127, 130 (E.D. Pa.1997); Vann v. Lone Star Steakhouse & Saloon, Inc., 967 F.Supp. 346, 349–50 (C.D. Ill.1997); EEOC v. Danka Indus., Inc., 990 F.Supp. 1138, 1142 (E.D. Mo.1997); Jackson v. Chubb Corp., 193 F.R.D. 216, 225 (D.N.J. 2000)); see also Speaker ex rel. Speaker v. County of San Bernardino, 82 F.Supp.2d 1105 (C.D.Cal.2000) (concluding that a plaintiff who placed his psychological state at issue waived any psychotherapist/patient or doctor/patient privilege); but see Dochniak v. Dominium Management Servs., Inc., 240 F.R.D. 451, 452 (D. Minn. 2006) ("[A]llegations of 'garden variety emotional distress,' ... are insufficient to place [a plaintiff's] mental condition in controversy.").

### 3. Records Pertaining to Wetzel's Military Service

Defendants' thirteenth interrogatory pertains to Wetzel's military service. Defendants seek production of Wetzel's service record in light of materials previously submitted by Wetzel that indicate he was shot while serving in Vietnam. Wetzel initially resisted defendants' request for his service records. However, in his response to defendants' motion to compel, he advised that he is willing to provide defendants with these records.

### III. CONCLUSION

Defendants' Motion to Compel (Docket No. 89) is **GRANTED**. Wetzel shall provide defendants with the requested records. In so doing ,Wetzel shall execute the releases necessary for defendants to directly access his medical records. However, to protect Wetzel's legitimate concern over the confidentiality of his medical and psychological records, defendants' counsel may not

8

disclose to any third persons (except their staff) including their clients without having first obtained prior permission of the court.  Further, if defendants' counsel wants to file any of the records with the court, they shall do so only under seal.

**IT IS SO ORDERED.**

Dated this 21st day of February, 2014.

<u>*/s/ Charles S. Miller, Jr.*</u>
Charles S. Miller, Jr., Magistrate Judge
United States District Court