**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**
**SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Joel Henry Wetzel, | ) | **ORDER** |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| Daniel L. Brown, Brian Koskovich, | ) | |
| Jeremy Moser, and Corey Lee, | ) | Case No. 1:09-cv-053 |
| | ) | |
| Defendants. | ) | |

Plaintiff served a subpoena duces tecum on the North Dakota Bureau of Criminal Investigation (BCI), a non party, commanding it to produce the following to James Wetzel, plaintiff's representative, at Feist Electronics on February 24, 2014, at 11:00 a.m. for inspection:

> Discovery evidence: Four, (4) video/audio in-car Dickinson Police tapes, two (2) DVDs, two, (2) VHS tapes, from 07–08-2008 of the Police shooting of Mr. Joel H. Wetzel, Case No. #07-K-581. (To be turned over to Mr. James N. Wetzel, the Plaintiff's Power of Attorney)

(Docket No. 119-1). According to BCI, it had difficulty discerning exactly what recordings plaintiff wanted. Consequently, erring on the side of caution, it produced all of the audio and video recordings–7 DVDs and 8 CDs–in its possession relating to the criminal case identified in the subpoena.

Adamant that the recordings produced by BCI were not the ones he had subpoenaed, plaintiff filed a Motion to Compel on March 24, 2015.[1] He seeks an order compelling BCI to produce the requested recordings. Additionally, he seeks reimbursement for expenses he incurred copying the

---

[1] The videos produced by BCI were presumably date and time stamped. However, as plaintiff has not provided the court with this information, the court cannot discern on what date the recordings were made or from which vehicles they were obtained.

recordings produced by BCI. He certifies that he has complied with the requirements of Fed. R. Civ. P. 37(a)(1) prior to filing his motion, to wit: he made a good faith effort to confer with BCI to resolve this matter without court action.

BCI made a special appearance and filed response in opposition to plaintiff's motion on April 8, 2014. First, it states that plaintiff did not fulfill his obligations under Fed. R. Civ. P. 37(a)(1) prior to filing his motion. Second, it maintains that it complied with the subpoena and produced all of the recordings in its possession relating to the identified case. Third, it avers that it cannot be compelled to produce recordings not in its possession. Finally, with respect to plaintiff's demand for reimbursement, it avers that it should not be punished for the decision made by plaintiff, through his representative, to copy all of the recordings without first reviewing them.

Notably, plaintiff has neither provided the court with copies of the recordings he obtained from BCI nor elaborated on how they are unresponsive to his initial request. It may well be that the shooting at issue was not captured in the manner plaintiff anticipated. However, without the ability to screen the recordings, the court can make no judgment regarding their responsiveness.

In any event, it appears that BCI has produced all of the recordings in its possession relating to ND Case No. #07-K-581. Under the circumstances, its production of all of the recordings in its possession was hardly unreasonable. Plaintiff's motion (Docket No. 119) is therefore **DENIED**.

**IT IS SO ORDERED.**

Dated this 9th day of April, 2014.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr., Magistrate Judge
United States District Court

2