# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# SOUTHWESTERN DIVISION

| Joel Henry Wetzel, | ) | |
| --- | --- | --- |
| | ) | **ORDER** |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Daniel L. Brown, Brian Koskovich, | ) | |
| Jeremy Moser, and Corey Lee, | ) | Case No. 1:09-cv-053 |
| | ) | |
| Defendants. | ) | |

Plaintiff served a subpoena duces tecum on the North Dakota Bureau of Criminal Investigation ("BCI"), a nonparty, commanding it to produce the following for inspection by his representative:

> Discovery evidence: Four, (4) video/audio in-car Dickinson Police tapes, two (2) DVDs, two, (2) VHS tapes, from 07–08-2008 of the Police shooting of Mr. Joel H. Wetzel, Case No. #07-K-581. (To be turned over to Mr. James N. Wetzel, the Plaintiff's Power of Attorney)

(Docket No. 119-1). BCI subsequently produced 7 DVDs and 8 CDs for inspection and copying.

Adamant that the materials produced by BCI were not the ones he had subpoenaed, plaintiff filed a motion on March 24, 2015, to compel BCI to produce the requested materials and reimburse him for the costs he incurred when copying the recordings they had produced.

BCI made a special appearance and filed response in opposition to plaintiff's motion on April 8, 2014. Amongst other things, it asserted that it had produced all of the recordings in its possession that relate to State Case No. #07-K-581.

The court issued an order denying plaintiff's motion on April 9, 2014, opining:

> [P]laintiff has neither provided the court with copies of the recordings he obtained from BCI nor elaborated on how they are unresponsive to his initial request.

1

> It may well be that the shooting at issue was not captured in the manner plaintiff anticipated. However, without the ability to screen the recordings, the court can make no judgment regarding their responsiveness.
>
> In any event, it appears that BCI has produced all of the recordings in its possession relating to ND Case No. #07-K-581. Under the circumstances, its production of all of the recordings in its possession was hardly unreasonable.

(Docket No. 122).

On April 22, 2014, plaintiff filed an "Objection and Motion for Hearing," to which he attached a document captioned "Evidence Inventory and Receipt" (hereinafter referred to as "the Inventory") along with a listing of materials he obtained from BCI in response to the subpoena. He asks the court to reconsider its order and convene a hearing on this matter. In so doing he reasserts that the BCI failed to the subpoenaed recordings, i.e., the DVDs and VHS tapes identified as Items 1-4 on the Inventory.[1]

Without the ability to screen the materials produced by BCI, the court can make no judgment regarding their responsiveness. The court shall therefore take plaintiff's motion under advisement. Plaintiff is directed to submit everything he obtained from BCI to the court by May 2, 2014, for in camera review.

**IT IS SO ORDERED.**

Dated this 24th day of April, 2014.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr., Magistrate Judge
United States District Court

---

[1] Items 1-4 are described as follows on the Inventory: "DVD from Unit 8 PD car" (Item #1); "DVD from Unit 6 PD car" (Item #2); " VHS tape from Unit 4 PD car" (Item #3); "VHS tape from Unit 2 PD car" (Item #4). (Docket No. 123-1).