# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| Joel Henry Wetzel, | ) | |
| | ) | **ORDER** |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Daniel L. Brown, Brian Koskovich, | ) | |
| Jeremy Moser, and Corey Lee, | ) | Case No. 1:09-cv-053 |
| | ) | |
| Defendants. | ) | |

This action arises out of injuries sustained by plaintiff when shot by a Dickinson police officer responding to a 911 call in the early morning hours on July 8, 2008. Plaintiff served a subpoena duces tecum on the North Dakota Bureau of Criminal Investigation ("BCI"), a nonparty, commanding it to produce:

> Four, (4) video/audio in-car Dickinson Police tapes, two (2) DVDs, two, (2) VHS tapes, from 07-08-2008 of the Police shooting of Mr. Joel H. Wetzel, Case No. #08-K-581. (To be turned over to Mr. James N. Wetzel, the Plaintiff's Power of Attorney)

(Docket No. 119-1). BCI subsequently produced 7 DVDs and 8 CDs for inspection and copying by plaintiff's representative.

Adamant that the materials produced by BCI did not include the recordings he had subpoenaed, plaintiff filed a motion on March 25, 2015, to compel BCI to (1) produce the requested DVDs and VHS tapes, and (2) reimburse him for the costs he incurred when copying the 7 DVDs and 8 CDs it had provided.

BCI made a special appearance and filed a response in opposition to plaintiff's motion on April 8, 2014. It asserted that it had produced everything in its possession that related to Case No.

1

#08-K-581. It further explained that it had produced everything in its possession relating to Case No. #08-K-581 out of an abundance of caution as it had difficulty discerning exactly what plaintiff was requesting.

On April 9, 2014, the court issued an order denying plaintiff's motion. On April 22, 2014, plaintiff filed an "Objection and Motion for Hearing," to which he attached a document captioned "Evidence Inventory and Receipt" (hereinafter referred to as "the Inventory") along with a listing of materials he obtained from BCI in response to the subpoena. He asked the court to reconsider its order denying his motion to compel and convene a hearing on this matter. In so doing he reasserted that BCI had failed produce the subpoenaed recordings, namely, the DVDs and VHS tapes identified as Items 1-4 on the Inventory.

At the court's directive, plaintiff submitted for *in camera* review the copies he made of the DVDs and CDs produced by BCI. These DVDs and CDs contain: videotaped statements made by defendants to investigators shortly after the shooting; copies of all 911 and radio traffic pertaining to this incident; daylight photographs of the crime scene; photographs of plaintiff's personal items (clothing, boots, baseball cap, glasses, etc.) along with ammunition both spent and unused found at the scene and/or on plaintiff's person; an audio recording of an interview with plaintiff; and a copy of BCI's case file.[1] They do not contain any recordings from any patrol vehicle cameras.

The court, having now reviewed the DVDs and CDs *in camera,* finds no basis for reconsidering its previous order denying plaintiff's Motion to Compel and convening a hearing on this matter. Based upon the Inventory, it would appear that the patrol vehicles driven to the scene

---

[1] BCI's case file contained: a "Report of Investigation;" written witness statements, waivers of rights executed by defendants, a drawing/diagram of the property on which shooting occurred, a copy of what appears to be a suicide note recovered from plaintiff, evidence inventories, deposition transcripts, toxicologists reports, police reports, and the Dickinson Police Department's "log of events" from July 8, 2008.

2

by defendants on June 8, 2008, were equipped with cameras. However, there is nothing in any of materials produce by BCI to to suggest that the cameras were activated and recorded events leading up to and including the shooting on June 8, 2008. Rather, the materials cast doubt on the existence of any such recordings of the shooting. According to statements made by defendants shortly after the shooting and later to investigators, they dimmed the lights on their patrol vehicles as they approached the residence where the shooting occurred, parked their vehicles behind some trees adjacent to the residence and/or on the street away from the residence, and approached the residence on foot. Given the location of the vehicles in relationship to the residence, the likelihood that the vehicles were in a position to capture anything (assuming that the cameras in the vehicles had been activated) appears beyond remote.

BCI maintains that it has provided plaintiff everything in its possession relating to Case No. #08-K-581. BCI cannot produce recordings its does not have. Plaintiff's motion for reconsideration (Docket No. 123) is therefore **DENIED**.[2]

**IT IS SO ORDERED.**

Dated this 15th day of May, 2014.

                                                          */s/ Charles S. Miller, Jr.*
                                                         Charles S. Miller, Jr., Magistrate Judge
                                                         United States District Court

---

[2] What the materials submitted by BCI do contain is substantial evidence that plaintiff provoked officers into firing the shot resulting in his being wounded in the hope that this wound would result in his death. This includes statements purportedly made by plaintiff both before and after the shooting.